Filed 20-CI-00248 07/21/2020 Vincent Riggs, Fayette Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION NO. 9**
**CIVIL ACTION NO. 20-CI-00248**
***Electronically Filed***

MGG INVESTMENT GROUP LP                                         **PLAINTIFF**

v.

ZAYAT STABLES, LLC; and AHMED                         **DEFENDANTS**
ZAYAT

_____

**RECEIVER'S MOTION FOR ORDER CERTIFYING THE RECEIVER'S**
**PAYMENT TO JORGE NAVARRO RACING STABLE**

_____

**NOTICE**

The parties hereto will take notice that the following Receiver's Motion for Order Certifying the Receiver's Payment to Jorge Navarro Racing Stable will be heard by the Court at its regularly scheduled motion hour on **July 24, 2020 at 8:30 a.m.,** or as soon thereafter as the parties can be heard, at the Fayette Circuit Court, Robert F. Stephens Circuit Courthouse, 120 North Limestone, Lexington, Kentucky.

**MOTION**

Elizabeth Z. Woodward, CPA, CFF, CFE of Dean Dorton Allen Ford, PLLC, and solely in her capacity as the Court-appointed receiver (the "Receiver") for Zayat Stables, LLC ("Zayat Stables"), by and through counsel, hereby submits her Motion for Order Certifying the Receiver's Payment to Jorge Navarro Racing Stable (the "Motion").

## PROCEDURAL BACKGROUND AND FACTUAL SUPPORT

1.     On January 21, 2020, MGG Investment Group LP ("MGG") filed a Complaint in the Commonwealth of Kentucky, Fayette Circuit Court against the Defendants, Zayat Stables, LLC and Ahmed Zayat (collectively, the "Original Defendants") for breach of contract, fraud, appointment of a receiver, and attorneys' fees and costs.

2.     On January 22, 2020, MGG filed its Emergency Motion for Appointment of a Receiver.

3.     The Receiver was appointed pursuant to this Court's January 22, 2020 Order (the "Order") and she retained the undersigned as her counsel on January 24, 2020.

4.     The Order appoints the Receiver "to take charge of, operate, preserve, maintain and care for all of the assets of the Defendant, Zayat Stables… including, but not limited to all horses, breeding rights, files, papers … and all other property, real or personal…" (the "Property"). Order at ¶ 1.

5.     The Order entitles the Receiver to "immediate and exclusive possession, custody and control" of the Property. Order at ¶ 2.

6.     The Receiver may, in its discretion "terminate such agents, managers, employees, trainers….as may in its judgment be advisable or necessary…". Order at ¶ 5K.

7.     All persons notified of the Order "are hereby enjoined and restrained from interfering in any way with the Receiver's performance of its duties and responsibilities hereunder, and from prosecuting any actions which affect the Property." Order at ¶ 11.

8.     On January 24, 2020, the Receiver sent correspondence to all known parties who may have been working with or for Zayat Stables, including Jorge Navarro Racing Stable ("Navarro Stable"), through the principal of Jorge Navarro ("Navarro"). This correspondence

2

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000002 of 000038

NTIM : **000002 of 000009**

included a copy of the Order and placed Navarro on notice of the Receiver's immediate and exclusive possession, custody and control of all assets of Zayat Stables. See Exhibit 1.

9.      On March 9, 2020, an order modifying the Order and further detailing the rights and duties of the Receiver was entered by this Court (the "Modified Order").

10.     The Modified Order provides that the Receiver shall, upon sale or other agreement, allow for payment from net proceeds "from the specific asset to be sold" and "as required by lien statute…". Modified Order at ¶ E.

11.     Further, "to the extent related parties claim competing or conflicting liens, the Receiver is not charged with determining validity priority, or payment of and for these liens, rather, disputes shall be resolved by this Court." Modified Order at ¶ E.

12.     In the months following her appointment, and up to this point, the Receiver has successfully executed payments to valid agister and stableman lien claimants by: (i) reconciling the accounts of the claimant and the accounts of Zayat Stables; (ii) applying applicable state statutory priority to calculate the proper distribution from sale proceeds; and (iii) to the extent the value of the sale supports the full lien claim, issuing payment to the claimants (the "Agister Distribution"). This process has been utilized successfully in the sale of twelve (12) horses to date.

13.     After her appointment, the Receiver, both individually and through her agent Gatewood Bell, communicated with Navarro on several occasions. The relevant communications were primarily regarding the training, care, and racing for and of horses in Navarro's possession at the time of her appointment: PAYNTED, MONY, and PERLMAN (together, the "Zayat Horses").

14.     On March 6, 2020, the Receiver received correspondence from Navarro through counsel, asserting amounts owed on the Zayat Horses.

3

15. On March 9, 2020, an FBI raid occurred, leading to the arrest of Jorge Navarro in connection with alleged unlawful drugging of horses.

16. Immediately thereafter, the Receiver directed her counsel and consultant to assess the condition of the Zayat Horses and if necessary, effectuate the removal of the Zayat Horses from Navarro's care and possession.

17. On March 19, 2020, Navarro, through counsel, communicated his intent to sell the Zayat Horses (the "Claim Notice"), as a means of paying amounts it asserted was due to it in direct violation of this Court's Order received months prior. See the Claim Notice attached hereto as Exhibit 2.

18. Contemporaneously with sending its Claim Notice, Navarro transported the Zayat Horses to an undisclosed location, without notice or permission from the Receiver, and in direct violation of the Order on or around March 19, 2020. Though copies of this Court's Orders, which grants the Receiver "exclusive possession and control" of the Zayat Horses had been provided to him, counsel for Navarro refused to disclose their location until the bills asserted due by Navarro were paid.

19. Upon information and belief, Navarro's estimated bills at this time were $51,903.00.

20. The Receiver disputed the Navarro claim, stating that it included costs which are not covered by the Florida lien statute.

21. Escalating the conflict, on April 7, 2020, Navarro then scheduled a public sale for April 17, 2020 (the "Sale Date Notice").

22. Though it was unclear how Navarro could hold a commercially reasonable public sale as required by Florida statute at a time in which the state was closed for commerce by

4

executive order and the horses themselves were secreted away to an unknown location, the Receiver took immediate steps to stop the proposed sale.

23. Accordingly, on April 14, 2020, the Receiver applied for and posted a bond with the Clerk of the Fifth Judicial Circuit for Marion County, Florida, for $51,903.00, the full amount asserted by Navarro (the "Bond").

24. On April 16, 2020, the Receiver obtained physical possession of the Zayat Horses. The Zayat Horses were transferred to the care of a trusted trainer, transported to Kentucky and on Monday, July 13, 2020, were sold at Fasig-Tipton.[1]

25. Navarro continues to assert a claim against the full amount of the Bond. Despite Navarro's actions, the Receiver agrees that she is required to pay Navarro for the care provided for the Zayat Horses. She does, however, calculate the amount owed to Navarro as less than the full amount of the Bond.

26. The Receiver has calculated the payment to Navarro under the laws of Florida to be $37,603.00 (the "Agister Expenses") See Fla. Stat. Ann. 713.65, (providing a possessory lien for "all persons feeding or caring for the horse… including all keeper of livery, sale or feed or feed stables, for feeding or taking care of any horse or other animal put in their charge…"). Florida follows the majority rule in the United States, omitting training as an allowable priority agister expense. The Receiver's calculations to reach the Agister Expense are detailed in Exhibit 3, attached hereto and incorporated by reference.

27. Navarro claims that the amount due for which Navarro has liens totals $51,903.00, and additionally claims $32,249.50 for other Zayat horses that are no longer in Navarro's possession ("Navarro's Unsecured Claim").

---

[1] Information regarding the sale of the Zayat Horses will be included in the Receiver's next monthly report.

5

28.     The Receiver's understanding of Navarro's calculations are detailed in Exhibit 4, attached hereto and incorporated by reference ("Navarro Calculations"). These bills contain training expenses, veterinarian expenses, pre-Receivership unsecured expenses (for which the Receiver is not liable), in addition to the Agister Expenses which the Receiver intends to pay.

29.     The Receiver's audit of the invoices show that the Navarro Calculations include training expenses of which are not considered Agister Expenses pursuant to statute. In large part, the Navarro calculations include pre-receivership training expenses. *See* Exhibit 4, "Pre-1/22 Charges Not Covered by Lien."

30.     Pursuant to the Modified Order (*supra,* ¶ 11), the Receiver requests this Court certify her payment of the Agister Expenses which number was reached by:

- Verifying the possession of each horse;
- Reviewing expenses, itemized by horse; and,
- Totaling the care, feed, grazing, and boarding as itemized in the Florida statute.

31.     The Receiver plans to pay the Agister Expenses now that the Zayat Horses were sold, to the extent the sale proceeds allow for full payment, after the expenses related to the sale have been paid.

32.     The Receiver submits that the following expenses should not be payable under the applicable lien statute as expenses:

- Expenses incurred pre-Receivership on horses no longer in the claimant's possession;
- Expenses incurred that were reduced by agreement;
- Pre-Receivership training expenses;

6

- Expenses incurred in conjunction with the unauthorized transport of the Zayat Horses to an undisclosed location and ensuing care;[2] and,

- Purse proceeds for pre-Receivership races.

Several of these expenses are asserted by Navarro and should not be paid.

33. In light of her efforts and the Modified Order's instruction, the Receiver respectfully requests the Court certify her calculation based on a plain reading of the statute to pay Navarro as detailed herein.

**WHEREFORE**, for any and all of the foregoing reasons, the Receiver respectfully requests the Court:

A. Grant the Receiver's Motion For Order Certifying The Receiver's

Payment To Jorge Navarro Racing Stable as proposed herein;

B. Grant relief to the Receiver from any obligation to Navarro to pay amounts in

excess of the Agister Expenses, including expenses incurred in connection with the

unauthorized transport of the Zayat Horses; and

C. Grant any and all other relief to which the Receiver may be entitled.

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/ Ellen Arvin Kennedy*
Ellen Arvin Kennedy (KY Bar No. 88347)
Sara A. Johnston (KY Bar No. 96769)
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
Email: ellen.kennedy@dinsmore.com
       sara.johnston@dinsmore.com
**COUNSEL FOR RECEIVER, ELIZABETH Z. WOODWARD**

---

[2] Such expenses were not included in Navarro's invoices, however, if these expenses are later claimed as owed, the Receiver does not believe there is an obligation to pay them.

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000008 of 000038

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served on the following on the 21st day of July, 2020 and by U.S. Mail or electronic correspondence as soon thereafter as practicable:

Jorge Navarro Racing Stable
c/o Bradford J. Beilly
Beilly & Strohsahl, P.A.
1144 SE 3rd Ave.
Fort Lauderdale, FL 33316

W. Craig Robertson III, Esq.
Daniel E. Hitchcock, Esq.
Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs, LLP
250 W. Main Street, Suite 1600
Lexington, KY 40507
wrobertson@wyattfirm.com
dhitchcock@wyattfirm.com
ttravis@wyattfirm.com

Jay E. Ingle, Esq.
Alexander H. Gardner, Esq.
Jackson Kelly, PLLC
100 West Main Street, Suite 700
Lexington, Kentucky 40507
jingle@jacksonkelly.com
alexander.garnder@jacksonkelly.com

Joseph M. Vann, Esq.
Cohen Tauben Spievak & Wagner, P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
jvann@ctswlaw.com
ltauben@ctswlaw.com

Thomas D. Bullock
J. Ross Stinetorf
234 North Limestone
Lexington, KY 40507
*Counsel for Mull Enterprises LTD d/b/a Yeomanstown Stud*

W. Chapman Hopkins
Andrew J. Donovan
Stoll Keenon Ogden PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
*Counsel for LNJ Foxwoods, LLC*

Marshall Hixson
Gregory Paul Parsons
Stites & Harbison
250 West Main Street, Suite 2300
Lexington, Kentucky 40507
*Counsel for McMahon of Saratoga Thoroughbreds, LLC*

Barry D. Hunter
Medrith Lee Norman
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
*Counsel for Bemak, N.V. Ltd. Co. d/b/a Ashford Stud and Orpendale Unlimited Co. d/b/a Coolmore Stud*

FLINTSHIRE FARM, LLC
Thomas B. Spears, Registered Agent
1201 Bering Drive, Apartment 97
Houston, Texas 77057

8

NTIM : 000008 of 000009

Thomas B. Sears a/k/a Brad Sears
1201 Bering Drive, Apartment 97
Houston, Texas 77057

John C. Roach
David Royse
Ransdell Roach & Royse, PLLC
176 Pasadena Drive, Building 1
Lexington, Kentucky 40503
*Counsel for Hill 'N' Dale Equine Holdings*

*/s/ Ellen Arvin Kennedy*

**COUNSEL FOR RECEIVER, ELIZABETH Z. WOODWARD**

9

EXHIBIT 1



*Legal Counsel.*

DINSMORE & SHOHL LLP
City Center ⌃ 100 West Main Street ⌃ Suite 900
Lexington, KY 40507
www.dinsmore.com

Ellen Arvin Kennedy
(859) 425-1020 (direct) ^ (859) 425-1099 (fax)
ellen.kennedy@dinsmore.com

January 24, 2020

**VIA CERTIFIED MAIL**

Jorge Navarro Racing Stable
Gulfstream Park West
21001 NW 27th Ave
Miami Gardens, FL 33056

  RE:  Notice of Appointment of Receiver for Zayat Stables, LLC

Dear To Whom It May Concern:

  Please find enclosed an order appointing Elizabeth Z. Woodward as Receiver (the "Receiver") for Zayat Stables, LLC in the case styled, *MGG Investment Group LP v. Zayat Stables, LLC and Ahmed Zayat*, Case No. 20-CI-00248, currently pending in the Commonwealth of Kentucky, Fayette Circuit Court. This letter serves as notice of the Receiver's immediate and exclusive possession, custody and control of all assets of Zayat Stables, LLC ("Zayat Stables"), which includes but is not limited to, all cash proceeds, accounts receivable, horses, breeding rights, files, papers, records, documents, insurance policies, securities, bank accounts, books of account, and all other property, real or personal, of Zayat Stables (the "Property").

  Be advised that no one other than the Receiver is authorized to incur any liability for, or otherwise act on behalf of Zayat Stables. Please contact me if you hold any funds for Zayat Stables. If you are currently in the process of disbursing funds to Zayat Stables, you must issue a stop payment immediately and turn over those monies to the Receiver instead.

  If you have any questions please do not hesitate to contact me.

    Sincerely,

    Ellen Arvin Kennedy

EAK:rp
*Enclosure*

cc: Elizabeth Z. Woodward via email

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION 9
CIVIL ACTION NO. 20-CI-00248

MGG INVESTMENT GROUP LP                                                    PLAINTIFF

v.

ZAYAT STABLES, LLC; and AHMED
ZAYAT                                                                      DEFENDANTS

ENTERED
ATTEST, VINCENT RIGGS, CLERK
JAN 22 2020
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

**ORDER APPOINTING RECEIVER**

  This matter having come before the Court on the Motion of the Plaintiff, MGG Investment

Group LP ("MGG"), to Appoint a Receiver, and the Court having considered said motion, and

being otherwise sufficiently advised, IT IS HEREBY ORDERED that MGG's motion is

GRANTED as follows:

  1.  Appointment.  Elizabeth Woodward of Dean Dorton Allen Ford whose address is

250 W. Main Street, Suite 1400, Lexington, Kentucky 40507, is hereby appointed Receiver (the

"Receiver") to take charge of, operate, preserve, maintain and care for all of the assets of the

Defendant, Zayat Stables, LLC ("Zayat Stables"), including, but not limited to, all horses, breeding

rights, files, papers, records, documents, insurance policies, monies, securities, bank accounts,

books of account, and all other property, real or personal, of Zayat Stables (the "Property").  The

Receiver is granted the powers and authority hereinafter set forth.

  2.  Possession and Control.  The Receiver shall be and is hereby entitled to immediate

exclusive possession, custody and control of the Property, and shall be entitled to immediate

exclusive possession, custody and control of all the books, records, accounts, papers, monies, and

all other assets of Zayat Stables, its agents and employees, with respect to the Property, including

all evidences of indebtedness, and all money and other assets which are held or purported to be held by Zayat Stables for any person or entity with respect to the Property.

3. <u>Payment and Delivery to Receiver</u>. Zayat Stables, and its agents, employees or representatives are ordered to and shall pay over, surrender and deliver to Receiver: [i] all books, records, accounts, papers, monies, and all other assets of Zayat Stables, including all evidence of indebtedness, and all monies and other assets, which are held or purported to be held by Zayat Stables; [ii] all information necessary to allow the Receiver to ascertain the status of each particular horse in which Zayat Stables has an ownership interest, including, but not limited to, providing the receiver with a certified list of all such horses and all Jockey Club Certificates; [iii] all active files pertaining to vendors, employees, trainers or other persons or entities supplying services to the Property; [iv] all cash on hand, all funds held in deposit accounts, and all funds held in any other form arising from the operation of the Property; and [v] any and all other information and materials necessary to the Receiver to effect a smooth transition in the management and operation of the Property.

4. <u>Injunction</u>. The Defendants, Zayat Stables and Ahmed Zayat are enjoined from [a] possessing, operating or managing the Property, [b] withdrawing any funds derived from the operation of the Property and paying such funds to or for the benefit of themselves or any other party, [c] removing, concealing, destroying or altering any personal property used in the operation of the Property, including, without limitation, the books and records relating to the Property, [d] incurring any expenses pertaining to the Property, [e] demanding, collecting, receiving or accepting any accounts, rents or income pertaining to the Property, and should any such accounts, income or rents come into their possession, they shall remit such accounts, income or rents to the Receiver immediately, and [f] taking or interfering in any way with the Receiver's possession and



2



operation of the Property. Receiver shall not, without written direction from the Court, deliver to the Defendants possession of all or any portion of the Property, any funds derived from the operation of the Property, or any personal property used in connection with the operation of the Property, including, without limitation, any of the books and records relating to the Property.

5.   <u>Duties of the Receiver</u>. The Receiver:

A.   Shall take charge of, operate, preserve, maintain and care for the Property pending further orders of this Court.

B.   Shall demand, collect and receive all rents, accounts, revenues, income, issues and profits from the Property.

C.   Shall deposit all funds incoming to the Receiver into a separate bank account in a federally-insured bank of the Receiver's choice.

D.   May contract and pay for routine and ordinary items pertaining to the Property and not involving expenditures of a capital nature or otherwise outside of the ordinary course of the business of the operation and management of the Property.

E.   May pay for routine and ordinary items pertaining to the Property the cost for which may have heretofore been incurred but which are unpaid and which do not involve expenditures of a capital nature or are otherwise outside of the ordinary course of the business of the operation and management of the Property.

F.   Shall contract and pay for insurance for the Property in the event it is not adequately insured.

G.   Shall pay all taxes already or hereafter incurred on the Property.

H.   May pay all other expenses required in order to preserve and operate the Property during the pendency of this action, including borrowing money to do so, provided the payment of such does not involve expenditures of a capital nature or is otherwise outside of the ordinary course of the business operation and management of the Property.

I.   Shall not be liable or accountable for any expense or indebtedness incurred by the Defendants, or their agents or employees, prior to the entry of this Order, or which may be incurred at the direction of them, their agents or employees, after the entry of this Order, but may pay the same if the Property is benefitted by such payment.

J.   Shall make other disbursements of the funds incoming to the Receiver from time-to-time as ordered by this Court.

K.      May, in its discretion, employ or terminate such agents, managers, employees, trainers, accountants, and attorneys as may in its judgment be advisable or necessary in the management, operation, conduct, or custody of the Property.

L.      May institute, prosecute and defend, compromise, adjust, intervene in or become party to such actions or proceedings in state or federal courts as may in its opinion be necessary or proper for the protection, maintenance or preservation of the Property or the carrying out of the terms of this Order, and likewise to defend, compromise or adjust or otherwise dispose of any and all actions or proceedings instituted against it as Receiver or against the Defendants, and also to appear in and conduct the defense of any suit or adjust or compromise any actions or proceedings now pending in any Court by or against the Defendants or engage in any prosecution, defense or other disposition of such actions or proceedings which will in the judgment of the Receiver be advisable or proper for the protection of the Property.

M.      May provide a copy of this Order to anyone who may be affected by its terms and provisions.

N.      Shall maintain and file with the Court on a monthly basis an accounting of all such rents, accounts, revenues, income, issues and profits collected and expenses paid or incurred, a copy of such accounting to be served upon counsel of record for all parties to this action.

O.      Shall undertake only those actions which are reasonably calculated to benefit the Property and which manifest fair dealing with respect to the Property.

P.      Shall, after receipt of reasonable notice, permit MGG to inspect the Property, from time to time, provided such inspections do not unnecessarily interfere with the operation of the Property or the Receiver's duties hereunder.

Q.      Shall comply with this and all other Orders of this Court.

6.      <u>Right of Access</u>.  This Order does not [a] except as otherwise expressly provided herein, limit in any manner any right of access to the Property that MGG may have pursuant to the provisions of any of the documents and instruments evidencing, securing or otherwise relating to the indebtedness held by MGG and secured by the Property (herein referred to collectively as the "Loan Documents"); [b] preclude MGG from making any filings necessary to perfect its lien and security interest in the Property; or [c] except as otherwise expressly provided herein, limit or otherwise modify in any manner or respect whatsoever any of the rights or remedies of MGG under the Loan Documents.

4

7.     Capital Expenditures.  Only with leave of Court obtained upon motion, notice of which is provided to all parties to this action, or only pursuant to the entry of an Agreed Order signed by all counsel of record, may the Receiver pay or incur expenditures of a capital nature, not of an emergency nature, and otherwise outside of the ordinary course of the business of the operation and management of the Property.

8.     Compensation of Receiver.  The Receiver shall be compensated for its services by payment during each month of the receivership at the rate of $365.00 per hour, plus all reasonable out-of-pocket expenses actually incurred by the Receiver for travel, meals and lodging.  Other professionals at Dean Dorton Allen Ford shall be compensated as follows:  Director $235.00-$450.00; Manager $175.00-$230.00; Staff Accountant $115.00-$170.00; and Clerical $60.00-$115.00

9.     Instructions to Third Parties.  The Defendants shall instruct all third parties to make payments of rents or accounts directly to the Receiver, and shall not instruct any third party to make payments of rents or accounts other than to Receiver without the prior written order of the Court.

10.     Accounts of Receiver.  Except as herein provided, the Receiver shall hold in its account or accounts all such monies coming into its hands, subject to the further Orders of this Court.

11.     Restraining Order.  All persons, their agents, employees, or representatives, who have acquired knowledge and information of this Order are hereby enjoined and restrained from interfering in any way with the Receiver's performance of its duties and responsibilities hereunder, and from prosecuting any actions which affect the Property.

5

12. _Effective Date_. The Receiver's duties and responsibilities provided by this Order shall become effective immediately upon the entry of this Order.

13. _Additional Instructions_. The Receiver and any party hereto may, at any time, on proper notice to the parties hereto, apply to this Court for further or other instructions and for further power necessary to enable the Receiver to properly fulfill the Receiver's duties hereunder.

14. _Service_. The Clerk of this Court is hereby directed to serve a copy of this Order upon all parties to this action or their respective counsel of record.

So ORDERED this the ____ day of _____, 2020.

COMMONWEALTH OF KENTUCKY
COUNTY OF FAYETTE
I, VINCENT RIGGS, CLERK OF THE CIRCUIT COURT
FOR THE COUNTY AND STATE AFORESAID,
DO HEREBY CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY AS SAME APPEARS OF
RECORD AND REMAINS ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL THIS ____ DAY
OF _____, 20____
BY _____

_____
Judge, Fayette Circuit Court

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by mail, on this the ____ day of January, 2020:

JAN 2 2 2020

W. Craig Robertson III
Wyatt, Tarrant & Combs, LLP
250 W. Main Street, Suite 1600
Lexington, KY 40507

Cohen Tauben Spievak & Wagner, P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
jvann@ctswlaw.com
ltauben@ctswlaw.com

Zayat Stables,LLLC
401 Hackensack Avenue
Hackensack, New Jersey 07601
chad@zayatstables.com
justin@zayatstables.com

FAYETTE CIRCUIT CLERK

_____
Clerk, Fayette Circuit Court

Filed                                         07/21/2020                    Fayette Circuit Clerk

EXHIBIT 2

| | |
|---|---|
| **From:** | brad@beillylaw.com |
| **Sent:** | Thursday, March 19, 2020 3:01 PM |
| **To:** | Kennedy, Ellen Arvin |
| **Subject:** | Foreclosure of Trainer's Liens on Zayat Stable's Horses |

Ellen,

Pursuant to Florida Statutes 713.65 (lien), 85.031 (method of sale) and 679.310 (priority), Mr. Navarro intends to foreclose his statutory possessory liens on the three Zayat Stable, LLC horses with a sale date on or before April 17, 2020.

Pursuant to Fla.Stat. 85.031, the method of sale is a public sale which will take place where the horses are located.

Pursuant to Fla. Stat. 679.310, the lien has priority over the security interest (if any) of the Lender.

As the lien is based upon possession of the horses, the horses will not be turned over to the receiver. The horses are being fed and well cared for at my client's expense.
If we can agree that the receiver will not attempt to take possession of the horses from where they are located, we can arrange for the hoses to be vetted or examined by anyone that the receiver designates.

I am trying to insure that there is no breach of the peace in connection with the resolution of this matter.

Please let me know how the receiver wishes to proceed.

Brad
Bradford J. Beilly
Beilly & Strohsahl, P.A,
1144 SE 3rd Ave
Fort Lauderdale, Fl 33316
954-763-7000
brad@beillylaw.com

 Virus-free. www.avast.com

2E09F66-B965-4C42-813E-8A6CD97B013D : 000017 of 000038

EXH : 000001 of 000001

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000018 of 000038

## EXHIBIT 3

## Receiver Calculation

| Valentino Equine | Mony | Paynted | Perlman | Total |
|---|---|---|---|---|
| Pre-1/22 Charges with Lien Priority | 580.00 | 1,891.00 | 1,463.00 | 3,934.00 |
| Post-1/22 Charges due per Receiver | 40.00 | - | - | 40.00 |
| **Total** | 620.00 | 1,891.00 | 1,463.00 | 3,974.00 |
| | | | | |
| **JN Stables** | | | | |
| Pre-1/22 Charges with Lien Priority | 3,085.65 | 7,039.03 | 6,125.00 | 16,249.68 |
| Post-1/22 Charges due per Receiver | 5,619.35 | 5,893.97 | 5,866.00 | 17,379.32 |
| **Total** | 8,705.00 | 12,933.00 | 11,991.00 | 33,629.00 |
| | | | | |
| **Total Charges Due (With Lien Priority)** | 9,325.00 | 14,824.00 | 13,454.00 | 37,603.00 |
| | | | | |

EXH : 000001 of 000001

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000019 of 000038

## **EXHIBIT 4**

## **Navarro Calculation**

|  | **Mony** | **Paynted** | **Perlman** | **Total** |
|---|---|---|---|---|
| **Total Charges Due (With Lien Priority)[1]** | 9,325.00 | 14,824.00 | 13,454.00 | 37,603.00 |
|  |  |  |  |  |
| **J. Navarro Stables** |  |  |  |  |
| Pre-1/22 Charges Not Covered by Lien | 2,810.00 | 6,160.00 | 5,060.00 | 14,030.00 |
|  |  |  |  |  |
| Discrepancy on February 2020 invoice |  | 300.00 |  | 300.00 |
| Unknown Adjustment |  |  |  | (30.00) |
|  |  |  |  |  |
| **Total Amount Claimed by Navarro** | 12,135.00 | 21,284.00 | 18,514.00 | 51,903.00 |

---

[1] Calculation totals from Exhibit 2

EXH : **000001 of 000001**

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000020 of 000038

NTIM : **000001 of 000009**

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION NO. 9**
**CIVIL ACTION NO. 20-CI-00248**
*Electronically Filed*

MGG INVESTMENT GROUP LP                                                    PLAINTIFF

v.

ZAYAT STABLES, LLC; and AHMED                                        DEFENDANTS
ZAYAT

_____

### RECEIVER'S MOTION FOR ORDER CERTIFYING THE RECEIVER'S PAYMENT TO JORGE NAVARRO RACING STABLE

_____

### NOTICE

The parties hereto will take notice that the following Receiver's Motion for Order Certifying the Receiver's Payment to Jorge Navarro Racing Stable will be heard by the Court at its regularly scheduled motion hour on **July 24, 2020 at 8:30 a.m.,** or as soon thereafter as the parties can be heard, at the Fayette Circuit Court, Robert F. Stephens Circuit Courthouse, 120 North Limestone, Lexington, Kentucky.

### MOTION

Elizabeth Z. Woodward, CPA, CFF, CFE of Dean Dorton Allen Ford, PLLC, and solely in her capacity as the Court-appointed receiver (the "Receiver") for Zayat Stables, LLC ("Zayat Stables"), by and through counsel, hereby submits her Motion for Order Certifying the Receiver's Payment to Jorge Navarro Racing Stable (the "Motion").

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000021 of 000000

NTIM : **000002 of 000009**

## **PROCEDURAL BACKGROUND AND FACTUAL SUPPORT**

1.      On January 21, 2020, MGG Investment Group LP ("MGG") filed a Complaint in the Commonwealth of Kentucky, Fayette Circuit Court against the Defendants, Zayat Stables, LLC and Ahmed Zayat (collectively, the "Original Defendants") for breach of contract, fraud, appointment of a receiver, and attorneys' fees and costs.

2.      On January 22, 2020, MGG filed its Emergency Motion for Appointment of a Receiver.

3.      The Receiver was appointed pursuant to this Court's January 22, 2020 Order (the "Order") and she retained the undersigned as her counsel on January 24, 2020.

4.      The Order appoints the Receiver "to take charge of, operate, preserve, maintain and care for all of the assets of the Defendant, Zayat Stables… including, but not limited to all horses, breeding rights, files, papers … and all other property, real or personal…" (the "Property"). Order at ¶ 1.

5.      The Order entitles the Receiver to "immediate and exclusive possession, custody and control" of the Property. Order at ¶ 2.

6.      The Receiver may, in its discretion "terminate such agents, managers, employees, trainers….as may in its judgment be advisable or necessary…". Order at ¶ 5K.

7.      All persons notified of the Order "are hereby enjoined and restrained from interfering in any way with the Receiver's performance of its duties and responsibilities hereunder, and from prosecuting any actions which affect the Property." Order at ¶ 11.

8.      On January 24, 2020, the Receiver sent correspondence to all known parties who may have been working with or for Zayat Stables, including Jorge Navarro Racing Stable ("Navarro Stable"), through the principal of Jorge Navarro ("Navarro"). This correspondence

2

2E09FF66-B9655-4C42-813E-8A6CD97B013D : 000022 of 000038

included a copy of the Order and placed Navarro on notice of the Receiver's immediate and exclusive possession, custody and control of all assets of Zayat Stables. See Exhibit 1.

9.      On March 9, 2020, an order modifying the Order and further detailing the rights and duties of the Receiver was entered by this Court (the "Modified Order").

10.     The Modified Order provides that the Receiver shall, upon sale or other agreement, allow for payment from net proceeds "from the specific asset to be sold" and "as required by lien statute…". Modified Order at ¶ E.

11.     Further, "to the extent related parties claim competing or conflicting liens, the Receiver is not charged with determining validity priority, or payment of and for these liens, rather, disputes shall be resolved by this Court." Modified Order at ¶ E.

12.     In the months following her appointment, and up to this point, the Receiver has successfully executed payments to valid agister and stableman lien claimants by: (i) reconciling the accounts of the claimant and the accounts of Zayat Stables; (ii) applying applicable state statutory priority to calculate the proper distribution from sale proceeds; and (iii) to the extent the value of the sale supports the full lien claim, issuing payment to the claimants (the "Agister Distribution"). This process has been utilized successfully in the sale of twelve (12) horses to date.

13.     After her appointment, the Receiver, both individually and through her agent Gatewood Bell, communicated with Navarro on several occasions. The relevant communications were primarily regarding the training, care, and racing for and of horses in Navarro's possession at the time of her appointment: PAYNTED, MONY, and PERLMAN (together, the "Zayat Horses").

14.     On March 6, 2020, the Receiver received correspondence from Navarro through counsel, asserting amounts owed on the Zayat Horses.

15.     On March 9, 2020, an FBI raid occurred, leading to the arrest of Jorge Navarro in connection with alleged unlawful drugging of horses.

16.     Immediately thereafter, the Receiver directed her counsel and consultant to assess the condition of the Zayat Horses and if necessary, effectuate the removal of the Zayat Horses from Navarro's care and possession.

17.     On March 19, 2020, Navarro, through counsel, communicated his intent to sell the Zayat Horses (the "Claim Notice"), as a means of paying amounts it asserted was due to it in direct violation of this Court's Order received months prior. See the Claim Notice attached hereto as Exhibit 2.

18.     Contemporaneously with sending its Claim Notice, Navarro transported the Zayat Horses to an undisclosed location, without notice or permission from the Receiver, and in direct violation of the Order on or around March 19, 2020.  Though copies of this Court's Orders, which grants the Receiver "exclusive possession and control" of the Zayat Horses had been provided to him, counsel for Navarro refused to disclose their location until the bills asserted due by Navarro were paid.

19.     Upon information and belief, Navarro's estimated bills at this time were $51,903.00.

20.     The Receiver disputed the Navarro claim, stating that it included costs which are not covered by the Florida lien statute.

21.     Escalating the conflict, on April 7, 2020, Navarro then scheduled a public sale for April 17, 2020 (the "Sale Date Notice").

22.     Though it was unclear how Navarro could hold a commercially reasonable public sale as required by Florida statute at a time in which the state was closed for commerce by

4

executive order and the horses themselves were secreted away to an unknown location, the Receiver took immediate steps to stop the proposed sale.

23. Accordingly, on April 14, 2020, the Receiver applied for and posted a bond with the Clerk of the Fifth Judicial Circuit for Marion County, Florida, for $51,903.00, the full amount asserted by Navarro (the "Bond").

24. On April 16, 2020, the Receiver obtained physical possession of the Zayat Horses. The Zayat Horses were transferred to the care of a trusted trainer, transported to Kentucky and on Monday, July 13, 2020, were sold at Fasig-Tipton.[1]

25. Navarro continues to assert a claim against the full amount of the Bond. Despite Navarro's actions, the Receiver agrees that she is required to pay Navarro for the care provided for the Zayat Horses. She does, however, calculate the amount owed to Navarro as less than the full amount of the Bond.

26. The Receiver has calculated the payment to Navarro under the laws of Florida to be $37,603.00 (the "Agister Expenses") See Fla. Stat. Ann. 713.65, (providing a possessory lien for "all persons feeding or caring for the horse… including all keeper of livery, sale or feed or feed stables, for feeding or taking care of any horse or other animal put in their charge…"). Florida follows the majority rule in the United States, omitting training as an allowable priority agister expense. The Receiver's calculations to reach the Agister Expense are detailed in Exhibit 3, attached hereto and incorporated by reference.

27. Navarro claims that the amount due for which Navarro has liens totals $51,903.00, and additionally claims $32,249.50 for other Zayat horses that are no longer in Navarro's possession ("Navarro's Unsecured Claim").

---

[1] Information regarding the sale of the Zayat Horses will be included in the Receiver's next monthly report.

5

28.     The Receiver's understanding of Navarro's calculations are detailed in <u>Exhibit 4</u>, attached hereto and incorporated by reference ("<u>Navarro Calculations</u>"). These bills contain training expenses, veterinarian expenses, pre-Receivership unsecured expenses (for which the Receiver is not liable), in addition to the Agister Expenses which the Receiver intends to pay.

29.     The Receiver's audit of the invoices show that the Navarro Calculations include training expenses of which are not considered Agister Expenses pursuant to statute. In large part, the Navarro calculations include pre-receivership training expenses. *See* Exhibit 4, "Pre-1/22 Charges Not Covered by Lien."

30.     Pursuant to the Modified Order (*supra,* ¶ 11), the Receiver requests this Court certify her payment of the Agister Expenses which number was reached by:

- Verifying the possession of each horse;

- Reviewing expenses, itemized by horse; and,

- Totaling the care, feed, grazing, and boarding as itemized in the Florida statute.

31.      The Receiver plans to pay the Agister Expenses now that the Zayat Horses were sold, to the extent the sale proceeds allow for full payment, after the expenses related to the sale have been paid.

32.     The Receiver submits that the following expenses should not be payable under the applicable lien statute as expenses:

- Expenses incurred pre-Receivership on horses no longer in the claimant's possession;

- Expenses incurred that were reduced by agreement;

- Pre-Receivership training expenses;

6

- Expenses incurred in conjunction with the unauthorized transport of the Zayat Horses to an undisclosed location and ensuing care;[2] and,

- Purse proceeds for pre-Receivership races.

Several of these expenses are asserted by Navarro and should not be paid.

33.     In light of her efforts and the Modified Order's instruction, the Receiver respectfully requests the Court certify her calculation based on a plain reading of the statute to pay Navarro as detailed herein.

**WHEREFORE**, for any and all of the foregoing reasons, the Receiver respectfully requests the Court:

A.  Grant the Receiver's Motion For Order Certifying The Receiver's

Payment To Jorge Navarro Racing Stable as proposed herein;

B.  Grant relief to the Receiver from any obligation to Navarro to pay amounts in

excess of the Agister Expenses, including expenses incurred in connection with the

unauthorized transport of the Zayat Horses; and

C.  Grant any and all other relief to which the Receiver may be entitled.

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/ Ellen Arvin Kennedy*
Ellen Arvin Kennedy (KY Bar No. 88347)
Sara A. Johnston (KY Bar No. 96769)
100 West Main Street, Suite 900
Lexington, KY  40507
Telephone:  (859) 425-1000
Facsimile:  (859) 425-1099
Email:  ellen.kennedy@dinsmore.com
        sara.johnston@dinsmore.com
**COUNSEL FOR RECEIVER, ELIZABETH Z. WOODWARD**

---

[2] Such expenses were not included in Navarro's invoices, however, if these expenses are later claimed as owed, the Receiver does not believe there is an obligation to pay them.

7

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000026 of 000038

NTIM : 000007 of 000009

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and accurate copy of the foregoing was served on the following on the 21st day of July, 2020 and by U.S. Mail or electronic correspondence as soon thereafter as practicable:

Jorge Navarro Racing Stable
c/o Bradford J. Beilly
Beilly & Strohsahl, P.A.
1144 SE 3rd Ave.
Fort Lauderdale, FL 33316

W. Craig Robertson III, Esq.
Daniel E. Hitchcock, Esq.
Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs, LLP
250 W. Main Street, Suite 1600
Lexington, KY 40507
wrobertson@wyattfirm.com
dhitchcock@wyattfirm.com
ttravis@wyattfirm.com

Jay E. Ingle, Esq.
Alexander H. Gardner, Esq.
Jackson Kelly, PLLC
100 West Main Street, Suite 700
Lexington, Kentucky 40507
jingle@jacksonkelly.com
alexander.garnder@jacksonkelly.com

Joseph M. Vann, Esq.
Cohen Tauben Spievak & Wagner, P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
jvann@ctswlaw.com
ltauben@ctswlaw.com

Thomas D. Bullock
J. Ross Stinetorf
234 North Limestone
Lexington, KY 40507
*Counsel for Mull Enterprises LTD d/b/a Yeomanstown Stud*

W. Chapman Hopkins
Andrew J. Donovan
Stoll Keenon Ogden PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
*Counsel for LNJ Foxwoods, LLC*

Marshall Hixson
Gregory Paul Parsons
Stites & Harbison
250 West Main Street, Suite 2300
Lexington, Kentucky 40507
*Counsel for McMahon of Saratoga Thoroughbreds, LLC*

Barry D. Hunter
Medrith Lee Norman
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
*Counsel for Bemak, N.V. Ltd. Co. d/b/a Ashford Stud and Orpendale Unlimited Co. d/b/a Coolmore Stud*

FLINTSHIRE FARM, LLC
Thomas B. Spears, Registered Agent
1201 Bering Drive, Apartment 97
Houston, Texas 77057

8

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000027 of 000038

NTIM : 000008 of 000009

Thomas B. Sears a/k/a Brad Sears
1201 Bering Drive, Apartment 97
Houston, Texas 77057

John C. Roach
David Royse
Ransdell Roach & Royse, PLLC
176 Pasadena Drive, Building 1
Lexington, Kentucky 40503
*Counsel for Hill 'N' Dale Equine Holdings*

*/s/ Ellen Arvin Kennedy*

**COUNSEL FOR RECEIVER, ELIZABETH Z. WOODWARD**

9

EXHIBIT 1



*Legal Counsel.*

DINSMORE & SHOHL LLP
City Center ^ 100 West Main Street ^ Suite 900
Lexington, KY 40507
www.dinsmore.com

Ellen Arvin Kennedy
(859) 425-1020 (direct) ^ (859) 425-1099 (fax)
ellen.kennedy@dinsmore.com

January 24, 2020

**VIA CERTIFIED MAIL**

Jorge Navarro Racing Stable
Gulfstream Park West
21001 NW 27th Ave
Miami Gardens, FL 33056

RE:   Notice of Appointment of Receiver for Zayat Stables, LLC

Dear To Whom It May Concern:

Please find enclosed an order appointing Elizabeth Z. Woodward as Receiver (the "Receiver") for Zayat Stables, LLC in the case styled, *MGG Investment Group LP v. Zayat Stables, LLC and Ahmed Zayat*, Case No. 20-CI-00248, currently pending in the Commonwealth of Kentucky, Fayette Circuit Court. This letter serves as notice of the Receiver's immediate and exclusive possession, custody and control of all assets of Zayat Stables, LLC ("Zayat Stables"), which includes but is not limited to, all cash proceeds, accounts receivable, horses, breeding rights, files, papers, records, documents, insurance policies, securities, bank accounts, books of account, and all other property, real or personal, of Zayat Stables (the "Property").

Be advised that no one other than the Receiver is authorized to incur any liability for, or otherwise act on behalf of Zayat Stables. Please contact me if you hold any funds for Zayat Stables. If you are currently in the process of disbursing funds to Zayat Stables, you must issue a stop payment immediately and turn over those monies to the Receiver instead.

If you have any questions please do not hesitate to contact me.

Sincerely,

Ellen Arvin Kennedy

EAK:rp
*Enclosure*

cc: Elizabeth Z. Woodward via email

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION 9
CIVIL ACTION NO. 20-CI-00248

MGG INVESTMENT GROUP LP                                    PLAINTIFF

v.

ZAYAT STABLES, LLC; and AHMED
ZAYAT                                                      DEFENDANTS

ENTERED
ATTEST, VINCENT RIGGS, CLERK
JAN 22 2020
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

### ORDER APPOINTING RECEIVER

This matter having come before the Court on the Motion of the Plaintiff, MGG Investment Group LP ("MGG"), to Appoint a Receiver, and the Court having considered said motion, and being otherwise sufficiently advised, IT IS HEREBY ORDERED that MGG's motion is GRANTED as follows:

1.      Appointment.  Elizabeth Woodward of Dean Dorton Allen Ford whose address is 250 W. Main Street, Suite 1400, Lexington, Kentucky 40507, is hereby appointed Receiver (the "Receiver") to take charge of, operate, preserve, maintain and care for all of the assets of the Defendant, Zayat Stables, LLC ("Zayat Stables"), including, but not limited to, all horses, breeding rights, files, papers, records, documents, insurance policies, monies, securities, bank accounts, books of account, and all other property, real or personal, of Zayat Stables (the "Property").  The Receiver is granted the powers and authority hereinafter set forth.

2.      Possession and Control.  The Receiver shall be and is hereby entitled to immediate exclusive possession, custody and control of the Property, and shall be entitled to immediate exclusive possession, custody and control of all the books, records, accounts, papers, monies, and all other assets of Zayat Stables, its agents and employees, with respect to the Property, including

all evidences of indebtedness, and all money and other assets which are held or purported to be held by Zayat Stables for any person or entity with respect to the Property.

3. <u>Payment and Delivery to Receiver</u>. Zayat Stables, and its agents, employees or representatives are ordered to and shall pay over, surrender and deliver to Receiver: [i] all books, records, accounts, papers, monies, and all other assets of Zayat Stables, including all evidence of indebtedness, and all monies and other assets, which are held or purported to be held by Zayat Stables; [ii] all information necessary to allow the Receiver to ascertain the status of each particular horse in which Zayat Stables has an ownership interest, including, but not limited to, providing the receiver with a certified list of all such horses and all Jockey Club Certificates; [iii] all active files pertaining to vendors, employees, trainers or other persons or entities supplying services to the Property; [iv] all cash on hand, all funds held in deposit accounts, and all funds held in any other form arising from the operation of the Property; and [v] any and all other information and materials necessary to the Receiver to effect a smooth transition in the management and operation of the Property.

4. <u>Injunction</u>. The Defendants, Zayat Stables and Ahmed Zayat are enjoined from [a] possessing, operating or managing the Property, [b] withdrawing any funds derived from the operation of the Property and paying such funds to or for the benefit of themselves or any other party, [c] removing, concealing, destroying or altering any personal property used in the operation of the Property, including, without limitation, the books and records relating to the Property, [d] incurring any expenses pertaining to the Property, [e] demanding, collecting, receiving or accepting any accounts, rents or income pertaining to the Property, and should any such accounts, income or rents come into their possession, they shall remit such accounts, income or rents to the Receiver immediately, and [f] taking or interfering in any way with the Receiver's possession and



2

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000031 of 000038

EXH : 000003 of 000007



operation of the Property. Receiver shall not, without written direction from the Court, deliver to the Defendants possession of all or any portion of the Property, any funds derived from the operation of the Property, or any personal property used in connection with the operation of the Property, including, without limitation, any of the books and records relating to the Property.

5.  <u>Duties of the Receiver</u>. The Receiver:

A.  Shall take charge of, operate, preserve, maintain and care for the Property pending further orders of this Court.

B.  Shall demand, collect and receive all rents, accounts, revenues, income, issues and profits from the Property.

C.  Shall deposit all funds incoming to the Receiver into a separate bank account in a federally-insured bank of the Receiver's choice.

D.  May contract and pay for routine and ordinary items pertaining to the Property and not involving expenditures of a capital nature or otherwise outside of the ordinary course of the business of the operation and management of the Property.

E.  May pay for routine and ordinary items pertaining to the Property the cost for which may have heretofore been incurred but which are unpaid and which do not involve expenditures of a capital nature or are otherwise outside of the ordinary course of the business of the operation and management of the Property.

F.  Shall contract and pay for insurance for the Property in the event it is not adequately insured.

G.  Shall pay all taxes already or hereafter incurred on the Property.

H.  May pay all other expenses required in order to preserve and operate the Property during the pendency of this action, including borrowing money to do so, provided the payment of such does not involve expenditures of a capital nature or is otherwise outside of the ordinary course of the business operation and management of the Property.

I.  Shall not be liable or accountable for any expense or indebtedness incurred by the Defendants, or their agents or employees, prior to the entry of this Order, or which may be incurred at the direction of them, their agents or employees, after the entry of this Order, but may pay the same if the Property is benefitted by such payment.

J.  Shall make other disbursements of the funds incoming to the Receiver from time-to-time as ordered by this Court.

3

K.      May, in its discretion, employ or terminate such agents, managers, employees, trainers, accountants, and attorneys as may in its judgment be advisable or necessary in the management, operation, conduct, or custody of the Property.

L.      May institute, prosecute and defend, compromise, adjust, intervene in or become party to such actions or proceedings in state or federal courts as may in its opinion be necessary or proper for the protection, maintenance or preservation of the Property or the carrying out of the terms of this Order, and likewise to defend, compromise or adjust or otherwise dispose of any and all actions or proceedings instituted against it as Receiver or against the Defendants, and also to appear in and conduct the defense of any suit or adjust or compromise any actions or proceedings now pending in any Court by or against the Defendants or engage in any prosecution, defense or other disposition of such actions or proceedings which will in the judgment of the Receiver be advisable or proper for the protection of the Property.

M.      May provide a copy of this Order to anyone who may be affected by its terms and provisions.

N.      Shall maintain and file with the Court on a monthly basis an accounting of all such rents, accounts, revenues, income, issues and profits collected and expenses paid or incurred, a copy of such accounting to be served upon counsel of record for all parties to this action.

O.      Shall undertake only those actions which are reasonably calculated to benefit the Property and which manifest fair dealing with respect to the Property.

P.      Shall, after receipt of reasonable notice, permit MGG to inspect the Property, from time to time, provided such inspections do not unnecessarily interfere with the operation of the Property or the Receiver's duties hereunder.

Q.      Shall comply with this and all other Orders of this Court.

6.      <u>Right of Access.</u>  This Order does not [a] except as otherwise expressly provided herein, limit in any manner any right of access to the Property that MGG may have pursuant to the provisions of any of the documents and instruments evidencing, securing or otherwise relating to the indebtedness held by MGG and secured by the Property (herein referred to collectively as the "Loan Documents"); [b] preclude MGG from making any filings necessary to perfect its lien and security interest in the Property; or [c] except as otherwise expressly provided herein, limit or otherwise modify in any manner or respect whatsoever any of the rights or remedies of MGG under the Loan Documents.

4

7.    Capital Expenditures.  Only with leave of Court obtained upon motion, notice of which is provided to all parties to this action, or only pursuant to the entry of an Agreed Order signed by all counsel of record, may the Receiver pay or incur expenditures of a capital nature, not of an emergency nature, and otherwise outside of the ordinary course of the business of the operation and management of the Property.

8.    Compensation of Receiver.  The Receiver shall be compensated for its services by payment during each month of the receivership at the rate of $365.00 per hour, plus all reasonable out-of-pocket expenses actually incurred by the Receiver for travel, meals and lodging.  Other professionals at Dean Dorton Allen Ford shall be compensated as follows:  Director $235.00-$450.00; Manager $175.00-$230.00; Staff Accountant $115.00-$170.00; and Clerical $60.00-$115.00

9.    Instructions to Third Parties.  The Defendants shall instruct all third parties to make payments of rents or accounts directly to the Receiver, and shall not instruct any third party to make payments of rents or accounts other than to Receiver without the prior written order of the Court.

10.    Accounts of Receiver.  Except as herein provided, the Receiver shall hold in its account or accounts all such monies coming into its hands, subject to the further Orders of this Court.

11.    Restraining Order.  All persons, their agents, employees, or representatives, who have acquired knowledge and information of this Order are hereby enjoined and restrained from interfering in any way with the Receiver's performance of its duties and responsibilities hereunder, and from prosecuting any actions which affect the Property.

5

12.  <u>Effective Date</u>.  The Receiver's duties and responsibilities provided by this Order shall become effective immediately upon the entry of this Order.

13.  <u>Additional Instructions</u>.  The Receiver and any party hereto may, at any time, on proper notice to the parties hereto, apply to this Court for further or other instructions and for further power necessary to enable the Receiver to properly fulfill the Receiver's duties hereunder.

14.  <u>Service</u>.  The Clerk of this Court is hereby directed to serve a copy of this Order upon all parties to this action or their respective counsel of record.

So ORDERED this the __22__ day of __Jan__ , 2020.

COMMONWEALTH OF KENTUCKY
COUNTY OF FAYETTE
I, VINCENT RIGGS, CLERK OF THE CIRCUIT COURT
FOR THE COUNTY AND STATE AFORESAID,
DO HEREBY CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY AS SAME APPEARS OF
RECORD AND REMAINS ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL THIS __22__ DAY
OF __Jan__ , 20 __20__ .
BY _____

_____
Judge, Fayette Circuit Court

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following, by mail, on this the __JAN 2 2 2020__ day of January, 2020:

W. Craig Robertson III
Wyatt, Tarrant & Combs, LLP
250 W. Main Street, Suite 1600
Lexington, KY 40507

Cohen Tauben Spievak & Wagner, P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
jvann@ctswlaw.com
ltauben@ctswlaw.com

Zayat Stables,LLLC
401 Hackensack Avenue
Hackensack, New Jersey 07601
chad@zayatstables.com
justin@zayatstables.com

Vincent Riggs
FAYETTE CIRCUIT CLERK

_____
Clerk, Fayette Circuit Court

EXHIBIT 2

| | |
|---|---|
| **From:** | brad@beillylaw.com |
| **Sent:** | Thursday, March 19, 2020 3:01 PM |
| **To:** | Kennedy, Ellen Arvin |
| **Subject:** | Foreclosure of Trainer's Liens on Zayat Stable's Horses |

Ellen,

Pursuant to Florida Statutes 713.65 (lien), 85.031 (method of sale) and 679.310 (priority), Mr. Navarro intends to foreclose his statutory possessory liens on the three Zayat Stable, LLC horses with a sale date on or before April 17, 2020.

Pursuant to Fla.Stat. 85.031, the method of sale is a public sale which will take place where the horses are located.

Pursuant to Fla. Stat. 679.310, the lien has priority over the security interest (if any) of the Lender.

As the lien is based upon possession of the horses, the horses will not be turned over to the receiver. The horses are being fed and well cared for at my client's expense.
If we can agree that the receiver will not attempt to take possession of the horses from where they are located, we can arrange for the hoses to be vetted or examined by anyone that the receiver designates.

I am trying to insure that there is no breach of the peace in connection with the resolution of this matter.

Please let me know how the receiver wishes to proceed.

Brad
Bradford J. Beilly
Beilly & Strohsahl, P.A,
1144 SE 3rd Ave
Fort Lauderdale, Fl 33316
954-763-7000
brad@beillylaw.com

---

 Virus-free. www.avast.com

## EXHIBIT 3

## Receiver Calculation

| Valentino Equine | Mony | Paynted | Perlman | Total |
|---|---|---|---|---|
| Pre-1/22 Charges with Lien Priority | 580.00 | 1,891.00 | 1,463.00 | 3,934.00 |
| Post-1/22 Charges due per Receiver | 40.00 | - | - | 40.00 |
| **Total** | 620.00 | 1,891.00 | 1,463.00 | 3,974.00 |
| | | | | |
| **JN Stables** | | | | |
| Pre-1/22 Charges with Lien Priority | 3,085.65 | 7,039.03 | 6,125.00 | 16,249.68 |
| Post-1/22 Charges due per Receiver | 5,619.35 | 5,893.97 | 5,866.00 | 17,379.32 |
| **Total** | 8,705.00 | 12,933.00 | 11,991.00 | 33,629.00 |
| | | | | |
| **Total Charges Due (With Lien Priority)** | 9,325.00 | 14,824.00 | 13,454.00 | 37,603.00 |
| | | | | |

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000037 of 000038

EXH : 000001 of 000001

2E09FF66-B965-4C42-813E-8A6CD97B013D : 000038 of 000038

## **EXHIBIT 4**

## **Navarro Calculation**

|  | **Mony** | **Paynted** | **Perlman** | **Total** |
|---|---|---|---|---|
| **Total Charges Due (With Lien Priority)[1]** | 9,325.00 | 14,824.00 | 13,454.00 | 37,603.00 |
|  |  |  |  |  |
| **J. Navarro Stables** |  |  |  |  |
| Pre-1/22 Charges Not Covered by Lien | 2,810.00 | 6,160.00 | 5,060.00 | 14,030.00 |
|  |  |  |  |  |
| Discrepancy on February 2020 invoice |  | 300.00 |  | 300.00 |
| Unknown Adjustment |  |  |  | (30.00) |
|  |  |  |  |  |
| Total Amount Claimed by Navarro | 12,135.00 | 21,284.00 | 18,514.00 | 51,903.00 |

---

[1] Calculation totals from Exhibit 2

EXH : **000001 of 000001**

**Evans, Beth**

| | |
|---|---|
| **From:** | noreply@kycourts.net |
| **Sent:** | Tuesday, July 21, 2020 2:45 PM |
| **To:** | Ingle, Jay; Evans, Beth |
| **Subject:** | NCP FAYETTE 20-CI-00248, MGG INVESTMENT GROUP LP VS. ZAYAT STABLES, LLC, ET AL Envelope # 2612306 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

EXTERNAL MESSAGE

Notification of Court Processing

The circuit clerk has processed and ACCEPTED the following filing.

Date and Time Processed: July 21, 2020 at 2:43PM Eastern

eFiler: KENNEDY, ELLEN ARVIN (ATTORNEY)

Court: FAYETTE (CIRCUIT )

Case Caption: MGG INVESTMENT GROUP LP VS. ZAYAT STABLES, LLC, ET AL

Case Number: 20-CI-00248

Envelope Number: 2612306

Notice has been electronically mailed to:

Ames, E Kenly - kames@elpolaw.com
Maclin, Robert Edwin - remaclin@mcbrayerfirm.com
Bayer, Bennett Edward - BBayer@LandrumShouse.com
Robertson, Craig - wrobertson@wyattfirm.com
Kennedy, Ellen - Ellen.Kennedy@Dinsmore.com
Bullock, Thomas Dulaney - tbullock@bullockcoffman.com
Parsons, Gregory Paul - gparsons@stites.com
Hixson, Marshall - mhixson@stites.com
Holt, Megan R - megan.holt@rgcmlaw.com
Norman, Medrith - mnorman@fbtlaw.com
Hitchcock, Daniel E. - dhitchcock@wyattfirm.com
Heleringer, Robert Leo - helringr@bellsouth.net
Royse, David T - david@rrrfirm.com
Hopkins, Chapman - Chapman.Hopkins@skofirm.com
Ingle, Jay Edward - jingle@jacksonkelly.com

Scheduled Event:
MOTION HOUR scheduled for 07/24/2020 at 8:30 AM ET in room COURTROOM 6 with HON. KIMBERLY BUNNELL

The following document(s) were included in this eFiling:
MOTION NOT FILED TIMELY
EXHIBIT
EXHIBIT
EXHIBIT
EXHIBIT

You may view the document(s) at https://kcoj.kycourts.net/eFilingRetrieval/Home/Package?id=2E09FF66-B965-4C42-813E-8A6CD97B013D

This was automatically generated by the Kentucky Court of Justice eFiling system. Do not reply to this email.

## Kentucky Court of Justice Confidentiality Notice

**This message and/or attachment is intended only for the addressee and may contain information that is privileged, confidential and/or proprietary work product. If you are not the intended recipient, or an authorized employee, agent or representative of the intended recipient, do not read, copy, retain or disseminate this message or any attachment. Do not forward this message and attachment without the express written consent of the sender. If you have received this message in error, please contact the sender immediately and delete all copies of the message and any attachment. Transmission or misdelivery shall not constitute waiver of any applicable legal privilege.**